**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CHARLES A. WINSTON,                                                                    PLAINTIFF
ADC #84733

v.                                               2:12CV00237-JLH-JTK

DEXTER PAYNE, et al.                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.

Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     Introduction

Plaintiff Winston is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants unconstitutionally retaliated against him when he was housed at the East Arkansas Regional Unit (EARU), by assigning him to administrative segregation (ad seg), and then transferring him to another Unit**.**

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 37, 40).   Despite two extensions (Doc. Nos. 44, 52), Plaintiff has not responded to the Motions.[1]

In his Complaint, Plaintiff states on January 17, 2012, he was convicted of a disciplinary charge written by Officer  Stewart, and sentenced to thirty days in punitive isolation.  (Doc. No. 1,

---

[1]On February 14, 2014, the Court granted Plaintiff's second motion for extension of time to respond, granting him an additional thirty days and cautioning him that failure to respond could result in the dismissal without prejudice of his complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2) (Doc. No. 52).

p. 3.) Twenty-seven days later, the classification committee assigned him to ad seg, citing the seriousness of his disciplinary violation. (Id.) The committee voted to retain him in ad seg on five subsequent occasions. (Id., pp. 3-4.) Plaintiff claims there was no valid reason to assign him to ad seg, where he stayed for thirty-seven days. (Id., p. 4.) He claims Defendants Payne, Westbrook and Etherly were motivated to retain him in ad seg because he filed grievances against them in the past, and Defendants Gay and Branscomb were motivated to retaliate because of the number of grievances Plaintiff filed. (Id.)

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed

by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.     Undisputed Facts

According to the facts set forth by Defendants in their Statements of Undisputed Material Facts (Doc. Nos. 38, 42), which have not been otherwise disputed by the Plaintiff, Officer Stewart charged Plaintiff with disciplinary violations on January 5, 2012, based on false allegations Plaintiff made about an assault by fellow inmate Preston. (Doc. No. 38, pp. 2-3.) (See also Affidavit of Charles Stewart, Doc. No. 37-3.) Defendant Ester found Plaintiff guilty of the charges, based on Stewart's investigative report.  (Id., p. 4.)  After serving twenty-seven days of his thirty-day sentence, Plaintiff appeared before the classification committee on February 13, 2012.  (Id.) The committee decided that Plaintiff should remain in ad seg at the conclusion of his punitive sentence, because of the nature of his disciplinary violation and the risk to security if he was released back into general population with inmate Preston. (Id.) (See also Affidavit of Dexter Payne, Doc. 37-6.)

The next day, Plaintiff was charged with additional rule violations for soliciting funds from the relatives of an inmate, and was subsequently sentenced to thirty days of punitive isolation.  (Doc. No. 38, p. 6; Doc. No. 37-1, pp. 14-16.)  At five subsequent classification committee meetings, the members decided to continue plaintiff's placement in ad seg.  (Doc. No. 38, p. 6.) On March 20, 2012, Defendant May directed Defendant Payne to transfer Plaintiff to Varner Super Max, where he could be released into the general population area because he would be separated from inmate

Preston, who was on Plaintiff's enemy alert list and remained at EARU.  (Id., Doc. No. 37-6.)

Plaintiff was transferred to Varner on March 21, 2012. (Doc. No. 38, p. 6.)

A.     **Exhaustion**

Defendant Branscomb states she should be dismissed because Plaintiff failed to exhaust his

administrative remedies with respect to his retaliation claims against her.   According to the

Declaration of Barbara Williams, ADC Inmate Grievance Supervisor, the grievance policy in effect

at the time of the incidents at issue was Administrative Directive (AD) 10-32, which requires

inmates to be specific as to personnel involved when filing their grievances.  (Doc. No. 42-1, pp. 1,

7.)  Plaintiff appealed and exhausted one grievance specifically about his placement in ad seg, EAM

12-01086, claiming he was assigned there based on a disciplinary written by Defendant Stewart.

(Id., pp. 2, 23-25.)  Plaintiff did not name Branscomb in this grievance, or in three other grievances

he filed during that time period.

> According to the PLRA,
>
> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United

States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly

enough, regardless of the relief offered through administrative procedures."   532 U.S. 731, 741

(2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v.

Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner

must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000).   In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. at 218.

The United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures.  In <u>Hammett v. Cofield</u>, an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits. 681 F.3d 945 (8th Cir. 2012). The Court decided, however, that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."  <u>Id</u>. at 947.  This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in <u>Bower v. Kelley</u>, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).

In this case, Plaintiff although specifically named several individuals in his grievances, he did not name or refer to Defendant Branscomb.  Therefore, the Court finds that he failed to exhaust his administrative remedies with respect to his claims against her, and that she should be dismissed from this action, without prejudice.

**B.      Retaliation**

In order to support his retaliation claim against Defendants, Plaintiff must prove that "but for an unconstitutional, retaliatory motive the transfer [or discipline] would not have occurred. Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996).  Plaintiff's burden is not met by merely alleging an improper state of mind, but rather "affirmative evidence" showing that the retaliatory motive was the "but for" cause of the transfer.  Lewis v. Jacks, 486 F.3d 1025, 1028-9 (8th Cir. 2007).

In addition, Plaintiff cannot show that the filing of grievances was the actual motivation of the Defendants, if some evidence of a rational penological purpose existed to support the transfer. Sisneros v. Nix, 95 F.3d at 752.  Similarly, a retaliatory disciplinary claim should fail if "some evidence" exists to show that Plaintiff committed an actual violation of prison rules or regulations. Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994).

In this case, it is clear that "some evidence," in the form of the charging officers' reports, existed to support Plaintiff's two disciplinary convictions.  (Doc. Nos. 37-1, 37-3.)  "The critical inquiry ... is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations."  Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994).  Furthermore, "[t]he fact that the conduct violation was later expunged does not mean that there was not some evidence for its imposition."  Moots, v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006).

In addition, as asserted by the Defendants, Plaintiff provides no affirmative evidence that their actions in assigning him to ad seg were based solely on retaliation for the prior filing of grievances. The disciplinary charges, as noted above, were supported by evidence from the charging officers, and the classification committee considered those charges when rendering their decisions to place and

7

retain him in ad seg.  Plaintiff's assertion that his assignment to ad seg violated his constitutional rights because the first disciplinary conviction was set aside based on a procedural violation fails, because some evidence still existed to support the conviction, and because the failure to follow ADC policy does not support a constitutional claim. Moots v. Lombardi, 453 F.3d at 1023; Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

It therefore follows that a rational penological response supported Defendants' decisions to retain Plaintiff in ad seg, rather than place him back in general population in the vicinity of an inmate on his enemy alert list.  See Sisneros v. Nix, 95 F.3d at 752.  And that same penological response supported the actions of Defendant Payne in obeying ADC Director Larry May's direction to transfer Plaintiff to another Unit, where he could be housed in general population away from his enemy.  Id. Therefore, the Court finds that Plaintiff fails to provide any affirmative evidence to support his retaliation claim against Defendants.

### C.    Qualified Immunity

Defendants have also moved for summary judgment based on the doctrine of qualified immunity.  Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether Defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the evidence in support of the Summary Judgment Motions, the Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)   Defendants' Motions for Summary Judgment (Doc. Nos. 37, 40) be GRANTED.

2)   Plaintiff's allegations against Defendant Branscomb be DISMISSED without prejudice.

3)   Plaintiff's allegations against Defendants Payne, Westbrook, Wiggins, Gay, and Etherly be DISMISSED with prejudice.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

IT IS SO RECOMMENDED this 9th day of April, 2014.

_____
   JEROME T. KEARNEY
   UNITED STATES MAGISTRATE JUDGE